UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 16-28 |
| LENIN GONZALES-REYES | SECTION: "H"(3) |

### ORDER AND REASONS

Before the Court the Government's Motion for Revocation of Release Order (Doc. 16). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

On January 28, 2016 the government issued a criminal complaint charging Defendant Lenin Josue Gonzales-Reyes with illegally reentering the United States. On February 3, 2016, Defendant appeared before Magistrate Judge Wilkinson for his initial appearance. Defendant appeared for a detention hearing on February 10, 2016 at which time Magistrate Judge Knowles ordered that he be released on a personal surety bond of $75,000

1

subject to multiple conditions, including home incarceration. The Government filed the instant Motion for Revocation of the Release Order on February 11, 2016.

## LAW AND ANALYSIS

The Bail Reform Act of 1984 governs the determination of pretrial and presentence detention of criminal defendants.[1] Upon motion, this Court must promptly review an order of release issued by a Magistrate Judge in this district.[2] "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release."[3] In determining whether to grant release, a court must look to the following factors enumerated in 18 U.S.C. § 3142(g): "(1) the nature and circumstance of the offense . . . (2) the weight of the evidence . . . 3) the history and characteristics of the person and (4) the nature and seriousness of the danger to any person or the community that would be posed by the release." In seeking pretrial detention of a defendant, the Government bears the burden of proving that he is a flight risk and that no other less restrictive conditions could reasonably assure his presence at trial.[4]

---

[1] *See* 18 U.S.C. § 3141 *et seq*.
[2] 18 U.S.C. § 3145(a)(1).
[3] *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).
[4] 18 U.S.C. § 3142.

2

The Government's Motion for Revocation rests primarily on arguments that the Defendant poses a flight risk should he be released on bond. The record reflects the fact that the magistrate judge held a hearing, listened to argument and testimony, and concluded that the defendant is not a flight risk at this time.[5] The Court agrees with this determination. Defendant has lived in the area for three years, is gainfully employed, and lives with his fiancée, a permanent resident. He has significant contacts in the community, as evidenced by the fact that five individuals appeared on his behalf at his bond hearing. The Government's arguments rest on broad allegations concerning Defendant's immigration status, and it has produced no new evidence that he constitutes a flight risk. Accordingly, this Court finds that release on $75,000 personal surety bond subject to the conditions outlined by the Magistrate is appropriate.

The Government appears motivated, at least in part, by concerns that Defendant may be deported by U.S. Immigration and Customs Enforcement ("ICE") before he can be prosecuted for illegal reentry. Though the Government's concerns likely have merit, they are of no moment to the issue of his release pursuant to the Bail Reform Act. Indeed, this Court's analysis is limited to the above-outlined factors enumerated at 18 U.S.C. § 3142(g). Nothing therein supports consideration of an ICE detainer. Accordingly, this Court does not consider potential deportation as part of its analysis.

---

[5] Doc. 20.

## CONCLUSION

For the foregoing reason, the Government's Motion for Revocation of Release Order is **DENIED**.

New Orleans, Louisiana this 22nd day of February, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**